No. 21,866.

A. B. MILLER, *Appellee*, v. WALTER F. MCGINNIS, *Appellant*.

SYLLABUS BY THE COURT.

REAL-ESTATE AGENT—*Commission Earned.* The evidence held to support a judgment allowing a real-estate agent a commission for services in assisting the purchaser to buy property.

Appeal from Greenwood district court; ALLISON T. AYRES, judge. Opinion filed April 12, 1919. Affirmed.

*Lew E. Clogston,* and *Robert H. Clogston,* both of Eureka, for the appellant.

*A. B. Miller,* of Eureka, for the appellee.

The opinion of the court was delivered by

MASON, J.: A. B. Miller sued Walter F. McGinnis for the value of his services in aiding him in the purchase of the White building, in Eureka. The plaintiff recovered a judgment, from which the defendant appeals.

The defendant asserts that there was no evidence whatever, either of the employment of the plaintiff or of the performance of any services on his part, and that there was likewise a failure of evidence as to the value of the services claimed to have been rendered.

The plaintiff testified to these facts: He is a real-estate agent. In the course of a conversation on a train the defendant told him he was in the market to buy property in Eureka, and was interested in the White building; that he preferred to buy direct, and not through an agent—that he could probably get it cheaper that way. The plaintiff answered, saying, "I could not make any money that way." The defendant replied: "Oh, yes, you could, I will pay you myself if you will assist me to buy the White building, I will pay you for helping me." The plaintiff said "all right," and promised to look the matter up as soon as he got home. This is sufficient evidence of an employment.

The plaintiff also testified to these subsequent occurrences: He had a talk with the local representative of the owner of the property as a result of which he reported to the defendant that

it was not for sale.   The defendant then told him he would like to have him go to the courthouse and ascertain who was the owner of the building—that he was going to take the matter up direct with the owner.   The plaintiff examined the records, found that the title stood in the name of the First National Bank of Saratoga Springs, N. Y., and so reported to the defendant.   Later the defendant told him that he had not given him the name exactly correct—that he got the party, but the name was not as the plaintiff had stated it, and that he was dealing with the owner.   The defendant bought the property from the Saratoga National Bank of Saratoga Springs, N. Y. The plaintiff afterwards learned that a consolidation had taken place and that the name of the First National Bank had been changed.

The fact that the name of the bank owning the property was different from that shown by the record does not establish that the plaintiff's efforts were of no benefit to the defendant. The fair inference seems to be that the defendant got into communication with the owner through the information procured for him by the plaintiff.   It is true that the plaintiff did very little in the matter, but, according to his evidence, he did all that was asked of him, and his services were of some effect. He was not employed to negotiate a sale, but to assist the plaintiff in making a purchase.   The finding that he had performed the services for which he was employed was therefore justified.

Several witnesses testified that the usual compensation for such services was a commission of 5 per cent on the first thousand dollars and 2½ per cent on the remainder.   On cross-examination they were not able to cite many instances, but it cannot be said as a matter of law that the effect of their evidence in chief was wholly destroyed.   The verdict was for a less sum than the commission would figure on the basis stated, but, in the circumstances, the fact that the jury saw fit to reduce the amount is not a ground for disturbing the verdict.

The judgment is affirmed.